FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO.  1:15-CR-02065-SAB-1 |
| Plaintiff, | |
| v. | **ORDER GRANTING** |
| GREGORY LAVERN WILSON, | **DEFENDANT'S EMERGENCY** |
| Defendant. | **MOTION FOR** |
| | **COMPASSIONATE RELEASE** |

Before the Court are Defendant's Emergency Motion for Compassionate Release and Modification and Reduction of Sentence, ECF No. 43, and associated Motions to Expedite and to Seal, ECF Nos. 44 and 45, and the Government's Motion to Seal, ECF No. 49. Mr. Wilson is represented by Jeremy Sporn. The United States is represented by Ian Garriques. The motion was considered without oral argument and on an expedited basis.

Mr. Wilson asks the Court to modify his sentence to time served. The Court sentenced Mr. Wilson to the mandatory minimum of 120 months confinement on June 9, 2016 for one count of Possession with Intent to Distribute a Controlled Substance (Methamphetamine). ECF No. 40. He is currently incarcerated at Sheridan prison camp in Oregon. In the ordinary course, Bureau of Prisons

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE** \* 1

estimates Mr. Wilson's release date as May 22, 2024, leaving around 47 months on his sentence.

Mr. Wilson filed his administrative request for compassionate release or, as he put it, early release to home confinement to the warden at on May 14, 2020. *See* ECF No. 50 at 1-5. On June 1, 2020, Mr. Wilson was notified by the warden that, despite positive equities, his request was denied. ECF No. 43-4. The notification did not provide an explanation for why the request was denied. *Id.* At the time the request and motion were filed, there were no confirmed cases of COVID-19 at FCI Sheridan or the Sheridan prison camp, although there is evidence that the complex has not and is not adequately testing inmates. ECF No. 47. However, as the Court was preparing this Order, Mr. Wilson notified the Court that an inmate in Mr. Wilson's designated building at Sheridan tested positive for COVID-19. ECF No. 52. Furthermore, in recently released information, BOP reports that only 76 out of 1,630 inmates at FCI Sheridan have been tested. *Id.* at 2. However, it is unclear whether inmates who have been tested multiple times have been double or triple counted, so the actual number of inmates tested at Sheridan could be even lower. *Id.* In addition, the state of Oregon is currently experiencing a spike in COVID-19 cases.

Mr. Wilson has several chronic health conditions that indisputably place him at a heightened risk of severe illness or death if he were to contract COVID-19, including severe persistent asthma, hypertension, hyperlipidemia, and hypercholesterolemia. He is also suffering from a torn meniscus in one of his knees that requires surgery. Mr. Wilson's severe asthma is of significant concern here. In order to control his asthma, Mr. Wilson uses a steroid inhaler twice a day, a bronchodilator four times a day, a nebulizer twice a day, and a rescue inhaler, as necessary. Indeed, Mr. Wilson was transferred to Sheridan so that he could receive the treatment he requires for his asthma. Even with this treatment regimen, his pulmonary function is reduced to less than half of normal functioning for a man of

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE** * 2

his age and height. ECF No. 43-1 at 37, 40, 45. After Mr. Wilson expressed difficulty breathing, BOP doctors also discovered that his lungs are coated with nodules that require continual monitoring and may cause severe problems if he were to contract a respiratory illness. *Id.* at 307, 20-21.

The Government opposes the motion primarily on procedural grounds. First, the Government argues that the Court does not have jurisdiction to consider Mr. Wilson's motion because the substance of his motion is seeking relief the Court cannot grant under 18 U.S.C. § 3582(c).  According to the Government, because Mr. Wilson's initial written request to BOP mentioned a request for release to home confinement, the Court cannot grant this relief because BOP has exclusive authority to designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b); *United States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011). The Government argues that if Mr. Wilson is only seeking release to home confinement, he needs to bring his claim as a 28 U.S.C. § 2241 habeas motion, and that venue for such a motion is not proper before this Court. Second, the Government argues that Mr. Wilson has not proven that he has exhausted his administrative remedies because his initial request to the warden did not include a request for compassionate release and sentence reduction. Therefore, the Government argues the Court cannot consider the instant motion for such a request. Because thirty days have not elapsed from a request for sentence reduction and compassionate release, the Government argues, the Court cannot consider Mr. Wilson's motion.

Mr. Wilson brings his motion pursuant to 18 U.S.C. 3582(c)(1)(A).[1] Under this provision of the First Step Act, an incarcerated person can seek compassionate

---

[1] (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
　　(1) in any case--
　　　　(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE** * 3

1  release after exhausting administrative remedies within the Bureau of Prisons. 18

2  U.S.C. § 3582(c)(1)(A). He may be eligible for compassionate release if the Court

3  finds "extraordinary or compelling reasons" to warrant a sentence reduction, he is

4  determined not to pose a risk of danger to the community, and a sentence reduction

5  is consistent with United States Sentence Commission policy statements. *Id.* The

6  Sentencing Guidelines instruct the Court to consider the sentencing factors set

7  forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release,

8  and provide that the Court should not grant a sentence reduction if the defendant

9  poses a risk of danger to the community, as defined in the Bail Reform Act.

10  U.S.S.G. § 1B1.13.

11       The Court finds that Mr. Wilson has exhausted his administrative remedies

12  as required by the First Step Act. Mr. Wilson made the required request for

13  compassionate release on May 14, 2020. Insofar as the Government argues Mr.

14  Wilson actually requested early release to home confinement, the Court is not

15  persuaded. Upon examination of the paperwork submitted by Mr. Wilson, the

16  Court found that he used the form provided to him by his prison—"Possible

17  _____

18       motion on the defendant's behalf or the lapse of 30 days from the receipt of
         such a request by the warden of the defendant's facility, whichever is earlier,

19       may reduce the term of imprisonment (and may impose a term of probation
         or supervised release with or without conditions that does not exceed the

20       unserved portion of the original term of imprisonment), after considering the
         factors set forth in section 3553(a) to the extent that they are applicable, if it

21       finds that--

22            (i) extraordinary and compelling reasons warrant such a reduction; or
              (ii) the defendant is at least 70 years of age, has served at least 30

23       years in prison, pursuant to a sentence imposed under section 3559(c), for
         the offense or offenses for which the defendant is currently imprisoned, and

24       a determination has been made by the Director of the Bureau of Prisons that
         the defendant is not a danger to the safety of any other person or the

25       community, as provided under section 3142(g);

26

27  and that such a reduction is consistent with applicable policy statements issued by
    the Sentencing Commission.

28  18 U.S.C. § 3582(c)(1)(A).

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE** * 4

Candidate for Release/Sentence Reduction"—and made express mention of § 3582(c) relief of a sentence reduction. See ECF No. 50 at 1, 5. Furthermore, insofar as the Government's argument focuses on Mr. Wilson's inartful pleading in his *pro se* request, the Court is not so inclined to deny Mr. Wilson's request on such a technicality. Courts are obliged to liberally construe the filings of *pro se* parties, and it is apparent from the substance of Mr. Wilson's requests that he is requesting a sentence reduction to time served, with some sort of supervised release involving home confinement to follow. The statute gives the Court the opportunity to be involved 30 days after such a request is made. Although it is laudable that the warden at Sheridan did in fact reply to Mr. Wilson's request, the Court is frustrated by the fact that the warden did not explain his reasoning as to why the request was denied given the Mr. Wilson's positive progress as a federal prisoner. There is nothing to suggest that a second request by Mr. Wilson would be treated differently. Thus, the Court finds that Mr. Wilson has exhausted administrative requirements, even if he were not required to do so as some courts have held.

The Court finds that extraordinary and compelling reasons justify a sentence reduction to time served. As discussed above, Mr. Wilson has several health conditions that place him at risk of serious illness or death if he were to contract COVID-19. In particular, evidence from Centers for Disease Control and Prevention suggests that respiratory disease, like the severe persistent asthma Mr. Wilson has, is a primary risk factor associated with COVID-19 and that the presence of asthma is the first factor that places people in the high risk category. Indeed, the CDC recommends that people with asthma like Mr. Wilson take precautions including stocking up on supplies, maintaining social distance from others regardless of whether they are visibly ill, frequent handwashing, avoiding non-essential travel, staying home, and avoiding those within the home who are sick. *See* Centers for Disease Control and Prevention, "Coronavirus Disease 2019 –

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE** * 5

People with Moderate to Severe Asthma," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html (last updated April 2, 2020) (accessed July 1, 2020). Like other prisons, it appears that FCI Sheridan is either unable or unwilling to provide the protections necessary for people like Mr. Wilson who are likely to become seriously ill, a concern that is no longer hypothetical given the first confirmed positive COVID-19 case at the Sheridan complex. Mr. Wilson also suffers from hypertension, which the CDC notes is associated with increased illness severity and adverse outcomes when exposed to coronavirus. *See* Centers for Disease Control and Prevention, "Coronavirus Disease 2019 – Serious Heart Conditions and Other Cardiovascular and Cerebrovascular Diseases," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last updated June 25, 2020) (accessed July 2, 2020). To the extent that steps have been taken—such as providing inmates with extremely thin face masks, *see* ECF No. 43 at 26, n. 30—those steps seem inadequate to control spread of the virus in a prison setting where social distancing and frequent handwashing is not feasible. Upon his release, Mr. Wilson is able to live with his parents in Moses Lake, Washington, where he can self-quarantine with access to a separate kitchen and bathroom from others in the home. ECF No. 52 at 2. The Court therefore finds that Mr. Wilson's health constitutes extraordinary and compelling circumstances which justify a sentence reduction to time served.

Finally, the Court finds that the § 3553(a) sentencing factors favor resentencing Mr. Wilson to time served. Although Mr. Wilson's offense was serious and he has somewhat of an extensive criminal history, he has been committed to bettering himself while incarcerated by taking advantage of classes and work opportunities. Mr. Wilson is also sober, sought to participate in the RDAP program, and is committed to maintaining that sobriety upon release. While in custody, Mr. Wilson has not had any disciplinary infractions. Mr. Wilson has served the majority of his mandatory minimum sentence of ten years. Further

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE** * 6

1  incarceration is not necessary to afford adequate deterrence nor is it necessary to
2  protect the public. Mr. Wilson was sentenced to the mandatory minimum here, as
3  opposed to a shorter sentence through the safety valve, because of his actions
4  before his incarceration; his behavior during incarceration suggests that he has
5  been rehabilitated. Thus, the § 3553(a) sentencing factors favor resentencing Mr.
6  Wilson to time served.

7  Both Mr. Wilson and the Government also filed Motions to Seal, ECF Nos.
8  45 and 49, asking the Court to file certain documents under seal because they
9  contain Mr. Wilson's medical information. The Court starts with the strong
10 presumption against sealed filings. *See Kamakana v. City and Cty. of Honolulu*,
11 447 F.3d 1172, 1178-79 (9th Cir. 2006). Because neither party has shown
12 compelling reasons supported by specific factual findings to seal the records, the
13 Court does not find good cause to grant the motions. The records include medical
14 records, with some personally identifiable information. The Court will grant Mr.
15 Wilson the election to either withdraw the records, renew the motion with evidence
16 supporting a finding of good cause, or refile the documents in a redacted form
17 consistent with Federal Rule of Criminal Procedure 49.1(a).

18 Accordingly, **IT IS HEREBY ORDERED**:

19 1. Defendant's Motion to Expedite, ECF No. 44, is **GRANTED**.

20 2. Defendant's Emergency Motion for Compassionate Release and
21 Modification and Reduction of Sentence, ECF No. 43, is **GRANTED**.

22 3. Defendant's Motion to Seal, ECF No. 45, is **DENIED**.

23 4. The Government's Motion to Seal, ECF No. 49, is **DENIED**.

24 5.  The Court will enter an Amended Judgment imposing a sentence of "time
25 served." The Amended Judgment will also impose a five-year term of supervised
26 release with the conditions imposed at the time of sentencing, ECF No. 40, with
27 the added condition that the first year of supervised release be spent on home
28 confinement and, if recommended by U.S. Probation, with electronic monitoring.

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR
COMPASSIONATE RELEASE** * 7

6. This Order is **stayed** for up to **fourteen (14) days**, pending verification of Defendant's residence, to establish a release plan, to make travel arrangements, and ensure Defendant's safe release. The United States Bureau of Prisons shall release Defendant from custody as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for Defendant to travel. If more than fourteen days are required to meet these requirements, the parties shall immediately notify the court and show cause why the stay should be extended.

7. Upon release, Defendant shall reside with his parents in Moses Lake, Washington. Defendant shall provide the complete address to the probation office in the district where he will be released because it was not included in the motion for sentence reduction.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order and provide copies to counsel, Bureau of Prisons, the U.S. Marshals Service, and the U.S. Probation Office.

**DATED** this 2nd day of July 2020.



Stanley A. Bastian
United States District Judge